NOT DESIGNATED FOR PUBLICATION

No. 115,192

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DOUGLAS JAMES REID,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed September 9, 2016. Affirmed.

Submitted for summary disposition under K.S.A. 2015 Supp. 21-6820(g) and (h).

Before HILL, P.J., BUSER and LEBEN, JJ.

*Per Curiam*: Douglas James Reid contends the district court abused its discretion when it revoked his probation and imposed the underlying prison sentence. Reid moved for summary disposition of this appeal under Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State did not file a response. Our court granted leave to consider the appeal without briefing. Based upon our review of the record, we affirm the district court's decision.

In keeping with a plea agreement, Reid pled guilty to forgery, a severity level 8 nonperson felony, in violation of K.S.A. 21-3710(a)(2). Sentencing was scheduled for April 15, 2012, but Reid failed to appear. After Reid's arrest on a bench warrant, the

1

district court sentenced Reid on May 16, 2012, to 18 months' probation with an underlying prison term of 12 months.

The following year, the State moved to revoke Reid's probation. According to Reid's intensive supervision officer (ISO), Reid absconded from probation; failed to report to his ISO since August 12, 2013; failed to notify his ISO of a change of address; failed to complete community service hours; and failed to pay restitution and court costs. A bench warrant was issued, and in November 2015 Reid was brought before the district court.

During the revocation hearing on November 18, 2015, among other allegations of probation violations, the State argued that Reid's probation should be revoked because he had absconded from probation. In particular, Reid had not reported to his ISO since August 2013. Reid stipulated to absconding, failing to notify his ISO of a change of address, and failure to pay court costs. In mitigation, Reid's attorney argued that Reid was either homeless or in jail on other charges during most of the time he failed to report.

After considering the evidence and arguments, the district judge stated:

"The Court understands Mr. Reid's situation, but the easiest thing for anybody to do— and, I'm sorry, we unfortunately have multiple people at any given time on probation who are homeless. There are some referrals that can be made. The State of Kansas doesn't have as many services as most people would hope and certainly as—as—not as many as this Court would—would like there to be. But the Court simply cannot ignore the fact that for a year plus, [Reid] was gone and [there was] no contact whatsoever. [Reid] clearly falls within the absconding provision of the statute.
    "So based on everything, his probation is revoked."

2

On appeal, Reid contends the district court "abused its discretion by revoking probation and ordering execution of the underlying sentence." Reid does not specify how the district court allegedly abused its discretion.

Our standards of review provide that a district court's decision whether to revoke a defendant's probation generally involves two distinct components: (1) a factual determination as to whether the State has established a violation of one or more of the conditions of probation by a preponderance of the evidence, and (2) a discretionary determination as to whether the violation warrants revocation. See *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008) (citing *Black v. Romano*, 471 U.S. 606, 611, 105 S. Ct. 2254, 85 L. Ed. 2d 636 [1985]); *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006).

Once the State has proven a violation of the conditions of probation, the disposition of the case lies within the sound discretion of the district court, as long as such discretion falls within the parameters of K.S.A. 2015 Supp. 22-3716, which governs revocation proceedings. This statute generally instructs district courts to impose a series of intermediate sanctions where appropriate. See K.S.A. 2015 Supp. 22-3716; *Gumfory*, 281 Kan. at 1170. A judicial action constitutes an abuse of discretion if the action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014).

K.S.A. 2015 Supp. 22-3716(c)(1)(E)(8) provides that if an offender absconds from supervision while the offender is on probation, the district court may revoke the probation without previous imposition of sanctions ordinarily required by the statute. The district court's finding that Reid had absconded from probation was supported by substantial competent evidence, specifically by Reids' stipulation to the violation. After carefully reviewing the record and applying K.S.A. 2015 Supp. 22-3716 to the facts of this case,

3

we are convinced the district court did not abuse its discretion by revoking Reid's probation and ordering him to serve his underlying sentence.

Affirmed.